FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
5:00 pm, Mar 20, 2026
JEFFREY P. COLWELL, CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

(To be supplied by the court)

Clinton J Kramer and Cynthia Kramer , Plaintiff

v.                                                                    **Jury Trial requested:**
                                                                      **(please check one)**
                                                                      **_X_ Yes ___ No**

Douglas County, Colorado ,

Douglas County Sheriff's Office ,

Humane Society Of The Pike Peak Region (HSPPR ,

Castle Pines North HOA2 , Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

## COMPLAINT

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other**

---

| materials to the Clerk's Office with this complaint. |
|---|

## A.    PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

 Clinton J Kramer and Cynthia Kramer 7488 Exeter PL, Castle Pines, CO 80108
  (Name and complete mailing address)

      303-238-0900  clint.kramer.ck@gmail.com
  (Telephone number and e-mail address)


## B.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

  Defendant 1:     Douglas County, Colorado 100 Third Street, Castle Rock, CO 80104
              (Name and complete mailing address)

        303-660-7400     bocc@douglas.co.us
              (Telephone number and e-mail address if known)



  Defendant 2:    Douglas County Sheriff Office 4000 Justice way, Castle Rock, CO 80109
              (Name and complete mailing address)

        303-660-7505    dcso@dcsheriff.net
              (Telephone number and e-mail address if known)



  Defendant 3:     Humane Society Of The Pikes Peak Region 630 Abbot Lane, Colorado Springs, CO 80905
              (Name and complete mailing address)

        719-473-1741          animalcontrol@hsppr.org
              (Telephone number and e-mail address if known)



  Defendant 4:    Castle Pines North HOA2 7306 Oxford Drive, Castle Pines, CO 80108
              (Name and complete mailing address)

        303-804-9800          ron@ave1properties.com
              (Telephone number and e-mail address if known)

2

## C.    JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

 X    Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

Claims arise under the Americans with Disabilities Act (ADA), 42 U.S.C. §12203 (retaliation and interference with service dog rights).

-

-

____    Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of _____.

If Defendant 1 is an individual, Defendant 1 is a citizen of _____.

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of _____ (name of state or foreign nation).

Defendant 1 has its principal place of business in _____ (name of state or foreign nation).

(*If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant*.)

### D.    STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action.  For each claim, specify the  right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim.  You do not need to cite specific legal cases to support your claim(s).  If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s).  Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE:

      Supporting facts:

1. Plaintiff Clint Kramer and co-Plaintiff reside in Douglas County, Colorado. is disabled with amyotrophic lateral sclerosis (ALS) and severe osteoarthritis (bone-on-bone hips). She relies on her service dog, Hero, for essential tasks: turning on lights, opening handicap-accessible doors, retrieving items that fall on the ground, cleaning up the living room, retrieving items during falls, performing quick tasks such as interacting with delivery personnel, and alerting for help if she falls. Hero performs these tasks under voice control and off-leash when necessary, as permitted under the ADA (28 C.F.R. §35.136).

2. Defendants include Douglas County, Colorado (via Sheriff's Office and animal control); Douglas County Sheriff's Office (DCSO); Humane Society of the Pikes Peak Region (HSPPR, contractor for animal control); and Castle Pines North HOA2 (HOA).

3. Protected activity: Plaintiffs complained about service dog interference, filed complaints, and initiated a state court action (2025CV201) against Defendants for bogus citations. This opposition to ADA violations qualifies as protected activity under 42 U.S.C. §12203(a).

4. Adverse actions:
  a. Fake citation for "no water for 20 minutes" (no such rule in Resolution 025-019). DA dismissed for lack of evidence/law.
  b. "At large" citation issued by Corporal Karwoski when Hero briefly stepped off property to perform retrieval task for delivery truck. On body cam/audio, Karwoski admitted: "I know it's the dog's task" and "I'll take responsibility for any backlash," yet issued ticket anyway.
  c. Ninety days later, on March 12, 2026—the exact date of Plaintiffs' small claims hearing against HSPPR for the same incident—Karwoski reissued the identical "at large" ticket with no

new facts or incident.

    d. Deputy Jenkins (DCSO) spent over one hour at neighbor Wendy Jones' house (7498 Exeter Drive) on November 15/17, 2025. Plaintiffs have video/photos proving his presence. Following this, neighbor staged fake delivery: cars rushed house, yelled "you got a problem?" to bait Hero. Hero stayed inside.

    e. County CORA response: "No record exists" and "Jenkins was never there"—false denial despite Plaintiffs' video evidence. No dispatch logs, radio traffic, or incident reports produced.

    f. Neighbor's K9-Shield ultrasonic device aimed at yard causes Hero pain/yelping/task refusal. Vet letter from City Vet Highlands Ranch (dated ) confirms ultrasonic distress in service dogs. DA refused cruelty prosecution (C.R.S. 18-9-202).

    g. Officer threat: "If I have to come back, I'm gonna do something."

    h. HOA allowed floodlights and blankets aimed at Plaintiffs' house after claiming "Sheriff approved it"—ongoing surveillance after complaints.

5. Causal connection: But-for Plaintiffs' protected activity (complaints/suit), no reissue, no baiting setup, no ultrasonic pain, no threats. Timing (reissue on hearing date), same officer (Karwoski's admission then reissue), false denial (Jenkins lie), and pattern after pushback show pretextual retaliation and interference under 42 U.S.C. §12203(a) & (b). Defendants' actions coerce/intimidate Plaintiffs from exercising ADA rights (service dog use for disability).

6. Damages: Emotional distress, stress, vet costs, loss of service dog access, punitive for willful malice.

7. These actions meet the elements of ADA retaliation under 42 U.S.C. §12203(a): (1) protected activity (complaints/suit against interference), (2) materially adverse actions (bogus tickets, threats, device pain), (3) causal link (timing of reissue on hearing date, same officer's admission then payback, false denial despite video).

8. Defendants' conduct also constitutes interference/coercion under §12203(b)—preventing Plaintiffs from using Hero for disability tasks without fear of escalation.

## E.    REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do.  If additional space is needed to identify the relief you are requesting, use extra paper to request relief.  Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*

1. Declare that Defendants violated 42 U.S.C. §12203 by retaliating against Plaintiffs for protected activity and interfering with the use of a service dog for disability-related tasks.

2. Issue a permanent injunction ordering Defendants to:
   - Cease all harassment, bogus citations, and interference with Hero (including no further "at large" or invented violations).
   - Remove or disable the neighbor's ultrasonic K9-Shield device aimed at Plaintiffs' yard.
   - Prohibit HOA surveillance (floodlights, blankets, or setups) targeting Plaintiffs' home.
   - Require Douglas County Sheriff's Office to comply with body-worn camera policy for deputies on public calls.

3. Award compensatory damages for emotional distress, stress, vet costs, loss of service dog access, and related expenses (estimated at $50,000+).

4. Award punitive damages for willful and malicious conduct (timing of reissue on court date, false denial of Jenkins' presence despite video proof, threats).

5. Award costs, fees, and any other relief the Court deems just and proper.

**F.    PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct.  *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

 /s/Clinton J Kramer        /s/ Cynthia Kramer
  (Plaintiff's signature)

3/20/2026
  (Date)

(Revised February 2022)